# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4449 | **DATE** | 11/1/2011 |
| **CASE TITLE** | Clayton vs. Astrue | | |

**DOCKET ENTRY TEXT**

The Court denies Plaintiff's motion for attorney's fees under the EAJA [42].

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

     On July 16, 2010, Plaintiff Patricia E. Clayton ("Clayton") brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final agency decision of the Commissioner of the Social Security Administration denying her application for Title II Disability Insurance Benefits ("DIB") pursuant to the Social Security Act, 42 U.S.C. §§ 416(i), 423(d). On July 7, 2011, the Court entered judgment in favor of Clayton and against Defendant Michael J. Astrue, Commissioner of Social Security Administration ("Commissioner"). The Court presumes familiarity with its July 7, 2011, Memorandum, Opinion, and Order remanding this case for further proceedings. Before the Court is Plaintiff Patricia Clayton's petition for attorney's fees in the amount of $6,125.75 under the Equal Access to Justice Act ("EAJA"). *See* 28 U.S.C. § 2412(d)(1)(A). Because the government's position was substantially justified, the Court denies Clayton's application for attorney's fees.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## BACKGROUND

On April 6, 2005, Clayton applied for DIB alleging that she became disabled on October 1, 2000 after the March 31, 1999 expiration of her DIB insured status. Clayton also filed another DIB application on October 25, 2006 alleging that she became disabled on September 20, 1996 before her insured status expired. On December 21, 2006, Clayton's application was initially denied and on February 27, 2007 Clayton's application was denied upon reconsideration. On April 2, 2007, Clayton filed a timely request for a hearing and on March 26, 2009, Clayton appeared and testified before an Administrative Law Judge ("ALJ") in Oakbrook, Illinois.

On June 25, 2009, the ALJ rendered his decision finding that Clayton was not disabled at any time on or before March 31, 1999. The ALJ's relevant Findings of Fact and Conclusions of Law, include:

1. The claimant last met the insured status requirements of the Social Security Act on March 31, 1999.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of September 29, 1996, through her date last insured of March 31, 1999.

3. Through the date last insured, the claimant had the severe impairment of cerebellar ataxia.
   ...

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I (20 C.F.R. 404.1525 and 404.1526).
   ...

5. Through the date last insured, the claimant had the residual functional capacity to perform a full range of sedentary work as defined by 20 C.F.R. 404.1567(a).
   ...

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed.
    ...

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from September 20, 1996, the alleged onset date, through March 31, 1999, the date last insured.

On August 18, 2009, Clayton requested a review of the ALJ's decision with the Social Security Administration's Appeals Council and on May 13, 2010, the Appeals Council denied the request for review. Clayton then filed this lawsuit in federal court seeking judicial review under 42 U.S.C. § 405(g). The Court granted Clayton's motion for summary judgment and denied the Commissioner's motion for summary judgment because the ALJ failed to provide a "logical bridge" between the evidence in the record and his conclusion that Clayton was not disabled at the third-step of his analysis, namely, whether Clayton had an impairment that meets or is equal to one of the listed impairments in 20 C.F.R. Part 404, Subpart P., Appendix 1. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Scott v. Astrue,* 647 F.3d 734, 741 (7th Cir. 2011); *O'Connor-Spinner v. Astrue,* 627 F.3d 614, 618 (7th Cir. 2010).

## LEGAL STANDARD

The Court reviews Clayton's petition for attorney's fees pursuant to the EAJA. *See* 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, Clayton is eligible for attorney's fees if she can show that: (1) she was a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that would make an award unjust; and (4) she filed a timely and complete application for fees. *See Stewart v. Astrue,* 561 F.3d 679, 683 (7th Cir. 2009). The Court's grant of Clayton's summary judgment motion and remand establishes that Clayton is the prevailing party, *see Bassett v. Astrue,* 641 F.3d 857, 859 (7th Cir. 2011), and the government does not argue that there were special circumstances or that Clayton's fee application was untimely. Thus, the Court turns to whether the government's position was substantially justified.

The Commissioner bears the burden of proving that his position was substantially justified. *See Stewart,* 561 F.3d at 683. "The commissioner's position is substantially justified if a reasonable person could conclude that the ALJ's opinion and the commissioner's defense of the opinion had a rational basis in fact and law." *Bassett,* 641 F.3d at 859. If the ALJ's decision violates clear judicial precedent or the Commissioner's own regulations, the government's position is not "substantially justified." *See Stewart,* 561 F.3d at 684; *Golembiewski v. Barnhart,* 382 F.3d 721, 724 (7th Cir. 2004).

## ANALYSIS

As the Court explained in its earlier ruling, the ALJ's Findings of Facts and Conclusions of Law stated the following:

> Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I (20 C.F.R. 404.1525 and 404.1526).

The ALJ's entire analysis in support of this conclusion states:

> Ashok Jilewar, MD, a Board-certified internist, testified as a medical expert. He said that her impairment met Listing 11.07 as of October 8, 2001. He testified that the records from Mayo Clinic and from other medical providers show that as of that date, she had the limitation of gait and station required by section 11.04B of the Listings.

(*Id.*)

As the Court previously discussed, the ALJ did not explain why he rejected Dr. Jilewar's testimony that Clayton met the third requirement under the five-step analysis, namely, that Clayton's impairment met the listings. *See O'Connor-Spinner,* 627 F.3d at 618. In short, the ALJ did not point to any substantial evidence in support of his conclusion. *See Campbell v. Astrue,* 539 F.3d 473, 480 (7th Cir. 2010) ("substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and internal quotations omitted); *see also Scott,* 647 F.3d at 741 (ALJ must build logical bridge between evidence and conclusion).

That being said, the Court did not address the parties' arguments about the ALJ's application of Social Security Ruling ("SSR") 83-20 for assessing disability onset stating "if the ALJ determines on remand that Clayton is disabled, he must then address whether Clayton's disability arose when she was last insured, namely, March 31, 1999, under SSR 83-20. *See Eichstadt v. Astrue,* 534 F.3d 663, 666 (7th Cir. 2008); *see also Briscoe ex rel. Taylor v. Barnhart,* 425 F.3d 345, 352 (7th Cir. 2005) (when "a claimant is found disabled but it is necessary to decide whether the disability arose at an earlier date, the ALJ is required to apply the analytical

framework outlined in SSR 83-20 to determine the onset date of disability.").") (R. 40, Mem., Op, & Order, at 17.)

Thus, although the Court did not address the parties' arguments concerning the ALJ's application of SSR 83-20, the government's arguments concerning SSR 83-20 were viable based on the government's overall position that the ALJ's findings were proper. Therefore, the government's arguments were substantially justified because a reasonable person could conclude that the commissioner's defense of the ALJ's opinion had a rational basis in fact and law. *See Gotches v. Heckler,* 773 F.2d 108, 111 (7th Cir. 1985) ("government must have a solid though not necessarily correct basis in fact and law for the position it took in this action") (citation omitted); *see also Pierce v. Underwood,* 487 U.S. 552, 566 n.2, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988) (under EAJA, a position can be substantially justified even though it is not correct).